**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BYRON EDILO SOCOP-ASCENCION, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 14-73958 <br><br> Agency No. A200-823-582 <br><br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2020**

Before: SCHROEDER, TROTT, and SILVERMAN, Circuit Judges.

Byron Edilo Socop-Ascencion, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

of removal, and protection under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Socop-Ascencion failed to establish extraordinary circumstances related to the delay in filing or materially changed circumstances affecting his eligibility for asylum that might excuse the untimeliness of his application. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4), (5); *Sumolong v. Holder*, 723 F.3d 1080, 1082-83 (9th Cir. 2013) (reviewing for substantial evidence a changed-circumstances determination based on undisputed facts); *Antonio-Martinez v. I.N.S.*, 317 F.3d 1089, 1093 (9th Cir. 2003) ("As a general rule, ignorance of the law is no excuse.").

Substantial evidence also supports the agency's conclusion that Socop-Ascencion failed to establish that he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Socop-Ascencion's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT protection because Socop-Ascencion failed to show it is more likely than not he will be

2                                                    14-73958

tortured by or with the consent or acquiescence of the government if returned to

Guatemala.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**